```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JOHN PROKOP,                      )
                                  )
            Plaintiff             )   Civil Action No. 05-34
                                  )   Judge Donetta W. Ambrose/
       v.                         )   Magistrate Judge Sensenich
                                  )   Re: Docs. No. 4, 9
JAMES A. DENMAN, et al.,          )
                                  )
            Defendants            )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is recommended that the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction filed by Defendants be granted.

II. REPORT

Plaintiff, John Prokop, has filed a complaint seeking to vacate an arbitration award issued in Defendants' favor by the National Association of Securities Dealers, Inc. ("the NASD"). (Doc. No. 1). The NASD arbitration hearing was held on August 30 and 31, 2004 (Compl. ¶ 71) and on October 15, 2004, the NASD arbitration panel awarded the NASD claimants (Defendants in this action) a total of $5,183,245.47 in damages, which included $3,138,027.55 in compensatory damages, $1,574,013.79 in punitive damages, and $471,204.13 as sanctions for Prokop's failure to comply with the arbitration panel's orders, including orders compelling the production of documents not within his possession

(Compl. ¶ 72).  The claims against Plaintiff considered by the NASD arbitration panel included claims of false statements of material fact, failure to disclose material facts, misrepresentations of material facts, violations of the Ohio Securities Act, violation of federal securities laws, breach of contract, common law fraud, constructive fraud through breach of fiduciary duty, negligence, and gross negligence.  (Compl. ¶ 62.)

Other litigation relating to Plaintiff and Defendants in the instant case has also been filed and is pending in other courts.  Specifically, on July 2, 2001 an action was commenced in the United States District Court for the Northern District of Ohio, Eastern Division, seeking recovery from Prokop of damages arising out of claims for violation of federal RICO, Ohio RICO statutes, fraud negligent misrepresentation, breach of fiduciary duty, and violations of Ohio's securities laws.  (Compl. ¶ 63.) Twelve of the plaintiffs in the NASD arbitration were also plaintiffs in the Ohio District Court action.  (See Compl. ¶ 64.) On September 11, 2002 a second action was filed in the United States District Court for the Northern District of Ohio, Eastern Division, also seeking recovery from Prokop of losses that were attributable to improper investments arising out of similar conduct as that alleged against him in the July 2, 2001.  (Compl. ¶ 65.)  Seven of the plaintiffs in the NASD arbitration were also plaintiffs in the second Ohio District Court action.  (See *id.*)

In 2002 litigation commenced in the Northern District of Georgia, brought by the trustee of the ETS Creditors Litigation Trust on behalf of the alleged victims, including all of the NASD claimants except Betty L. Bianco,[1] who are creditors in jointly administered bankruptcy proceedings pending in the District of Delaware.  (Compl. ¶ 66.)  Prokop was added as a defendant in this Northern District of Georgia litigation on November 26, 2003.  (*Id.*)  All of the claimants in the NASD arbitration, except Ms. Bianco, are claimants in the Georgia District Court action since they allege losses caused by investments in ETS Payphones.  (*Id.*)  Litigation was commenced by the Securities and Exchange Commission ("the SEC") in the Southern District of Florida against Mutual Benefits Corporation, seeking relief arising out of the sale of viaticals by Mutual Benefits, including the sales made to the NASD claimants.  (Compl. ¶ 67.)  By order dated May 4, 2004, the district court for the Southern District of Florida appointed a receiver and provided notice that all "other proceedings" to the extent that they involve Mutual Benefits are enjoined.  (*Id.*)  Additionally, Prokop is currently a target of an ongoing federal investigation by the FBI.  (Compl. ¶ 68.)  Based on this ongoing federal investigation, the two cases filed in the United States District Court for the Northern District of Ohio, Eastern Division, were stayed until June 11,

---

[1] Plaintiff has been unable to locate Ms. Bianco.

2005. (Compl. ¶ 69.) For the reasons that follow, Plaintiff's Complaint to Vacate NASD Arbitration Award should be dismissed because this Court lacks subject matter jurisdiction.

  A. <u>Standard for Rule 12(b)(1) Motion to Dismiss</u>

      Defendants allege that the instant action must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks federal question jurisdiction over the matters complained of by Plaintiff. Challenges to a court's subject matter jurisdiction may be characterized as either "facial" attacks, those challenges that attack the complaint on its face, or "factual" attacks, those challenges "that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Federal Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). When assessing a facial challenge to the existence of subject matter jurisdiction "the court must consider the allegations of the complaint as true." *Mortensen,* 549 F.2d at 891.

> The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or FED.R.CIV. P.56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

>     Moreover the plaintiff will have the burden
>     of proof that jurisdiction does in fact
>     exist.

*Id.* (footnote omitted).

   B. Discussion

Here, Defendants argue that this Court lacks subject matter jurisdiction because the parties are not diverse and because "no 'federal question is presented on the face of' Prokop's complaint."  (Defs.' Mem. of Law (Doc. No. 4) at 4.) Section 1332 of Title 28 of the United States Code establishes the district court's "diversity" jurisdiction.  Section 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; . . . ."   28 U.S.C. § 1332(a)(1).  Section 1331 of Title 28 of the United States Code establishes the district court's "federal question" subject matter jurisdiction.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

>     The Supreme Court has explained that section
>     1331(a) authorizes the courts to hear either
>     originally or by removal "only those cases in
>     which a well-pleaded complaint establishes
>     either that federal law creates the cause of
>     action or that the plaintiff's right to
>     relief necessarily depends on resolution of a
>     substantial question of federal law."

*Virgin Island Housing Auth. v. Coastal General Constr. Servs. Corp.,* 27 F.3d 911, 915 (3d Cir. 1995).

Lack of diversity jurisdiction under section 1332 is not at issue here because the complaint, on its face, demonstrates that Plaintiff and most, if not all, of the Defendants are citizens of the same state, Ohio.  See 28 U.S.C. § 1332(a)(1).  Rather, at issue is this Court's federal question jurisdiction under 28 U.S.C. § 1331.

In his complaint, Plaintiff invokes the jurisdiction of this Court under 9 U.S.C. § 10, the Federal Arbitration Act ("the FAA" or "the Act").  (Compl. ¶ 59.)  He does not allege any other basis for jurisdiction.  Section 10 of the FAA reads as follows.

> (a) In any of the following cases the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them

>            that a mutual, final, and definite award
>            upon the subject matter submitted was
>            not made.

28 U.S.C.A. § 10(a) (West 1999 & Supp. 2005).  Notwithstanding, the Act "creates federal substantive law regulating an agreement to arbitrate, but 'it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise.'"  *Coastal General.,* 27 F.3d at 915, *quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1987).[2]  Thus, the Act "does not supply federal jurisdiction where it does not otherwise exist."  *Id.*  Moreover, "not only must federal jurisdiction exist aside from the Arbitration Act, but the independent basis must appear on the face of the complaint."  *Id., citing with approval, Prudential-Bache Sec., Inc. v. Fitch,* 966 F.2d 981 (5th Cir. 1992). Accordingly, the allegations of Plaintiff's complaint must be sufficient to establish that his right to the relief he seeks "depends on resolution of a substantial question of federal law."  *Coastal General,* 27 F.3d at 915.

   Here, Defendants argue that the complaint, on its face, presents no federal question.  Plaintiff argues, however, that he raises two claims that require the resolution of questions of

---

[2]Indeed, it is for this reason that in the *Moses H. Cone Mem. Hosp.,* a case that addressed sections 3 and 4 of the FAA, the Supreme Court observed that "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction."  460 U.S. at 25 n.32.

federal law.  Specifically, he claims that the arbitrators exceeded their powers in proceeding with the arbitration hearing and that the arbitrators were guilty of misconduct in refusing to postpone the arbitration hearing.  Both of these claims, however, are based on section 10 of the FAA and cannot, in and of themselves, provide independent federal question jurisdiction under section 1331.

Moreover, review of Plaintiff's complaint--and taking the relevant allegations in the light most favorable to Plaintiff as required when analyzing a facial attack to subject matter jurisdiction--reveals that Plaintiff's allegations fail to raise a substantial question of federal law.  Specifically, Plaintiff alleges that he is currently a target of an ongoing investigation by the FBI and that the FBI seized and retained all of his company's original records related to ETS Payphones investments (Compl. ¶ 68.)  He

> sought a stay of the arbitration on the grounds that issues that were the subject of the arbitration were substantially identical to matters being investigated by the FBI, and, if the arbitration proceeded, Prokop's Fifth Amendment right against self-incrimination would be undermined.

(Compl. ¶ 70.)  His motion to stay was denied and following a second request for a stay, which was also denied, the arbitration was subsequently held over Plaintiff's objection to the jurisdiction of the NASD over him.  (Compl. ¶¶ 70-71.)  The

8

arbitration panel's award to the NASD claimants included $471,204.13 in punitive damages as sanctions for Plaintiff's failure to comply with the arbitration panel's orders, including orders compelling production of documents not in his possession. (Compl. ¶ 72.)

In Count I of his complaint, Plaintiff alleges that the arbitration award should be vacated because "[t]he arbitrators exceeded their powers in proceeding with a hearing where the claimants had waived their right to arbitrate."  (Compl. ¶ 77.) He alleges that, with the exception of Betty L. Bianco, Defendants waived their right to arbitration because they took "actions inconsistent with their right to arbitrate by participating actively in ongoing litigation for the same causes of action arising out of the same conduct of plaintiff as is alleged in the NASD first amended statement of claim."  (Compl. ¶¶ 75-76.)

In Count II of his complaint, Plaintiff alleges that the arbitration award should be vacated because the arbitrators were guilty of misconduct in refusing to postpone the arbitration hearing.  (Compl. ¶ 81.)  In support of this claim, he alleges that "[a]s a result of the ongoing investigation and the seizure of all of his records relating to the investment in ETS Payphones, as well as the seizure of other documents in the course of the investigation, John Prokop was unable to respond to

and defend the allegations of the NASD arbitration." (Compl. ¶ 79.) He further alleges that "[a]s a result of the Southern District of Florida appointing a receiver for Mutual Benefits and enjoining all litigation against Mutual Benefits, Mr. Prokop did not have access to documents needed to defend certain allegations." (Compl. ¶ 80.)

In Plaintiff's brief in opposition to Defendants' motion to dismiss, he alleges that his complaint

> involves the important federal issue of protecting the integrity of the federal judicial system from individuals filing federal civil actions, proceeding in the federal forum, receiving a decision from a federal judge they disapprove of, and then proceeding in an arbitration in the hopes of faring better than they did in federal court.

(Pl.'s Opp'n (Doc. No. 7) at 1.) He also argues that "under federal law it was impossible for [the] arbitration award to have the mutual, definite, and final effect required of any arbitration award." (Id. at 7.) Neither of the foregoing arguments raises a substantial federal question nor do the arguments appear on the face of his complaint.

Plaintiff additionally argues that the arbitrators disregarded federal law when they refused to stay the arbitration pending the outcome of the federal criminal investigation, undermining his Fifth Amendment privilege against self-incrimination. Relevant to this argument, Plaintiff alleges in his complaint that "[a]s a result of the ongoing investigation

10

and the seizure of all of his records relating to the investment in ETS Payphones, as well as the seizure of other documents in the course of the investigation, John Prokop was unable to respond to and defend the allegations of the NASD arbitration." (Compl. ¶ 79.) He also alleges that "[a]s a result of the Southern District of Florida appointing a receiver for Mutual Benefits and enjoining all litigation against Mutual Benefits, Mr. Prokop did not have access to documents needed to defend certain allegations." (Compl. ¶ 80.) These allegations of the complaint implicate, generally, Prokop's Fifth Amendment privilege against self-incrimination in the context of a civil proceeding, as well as the fundamental fairness of proceeding with the arbitration, *i.e.*, refusing to stay the arbitration proceeding, when Plaintiff was disadvantaged in defending himself because his documents had been seized by the FBI. As to these allegations, "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities." *Nguyen v. The United States Catholic Conference,* 719 F.2d 52, 54 (3d Cir. 1983), citing *Public Utilities Comm'n v. Pollak,* 343 U.S. 451, 461 (1952). The NASD, which conducted the arbitration hearings, is a private entity. (See *Perpetual Securities, Inc. v. Tang,* 290 F.3d 132, (2d Cir. 2002) (the "NASD is a private actor"); *Desiderio v. National Assoc. of Securities Dealers, Inc.,* 191 F.3d 198, 206 (2d Cir.

1999) ("[t]he NASD is a private actor, not a state actor"). Plaintiff does not allege otherwise. Accordingly, these allegations on the face of the complaint do not rise to the level of a substantial federal question. Consequently, this Court lacks subject matter jurisdiction over Plaintiff's complaint to vacate the arbitration award.

III. CONCLUSION

For the reasons discussed above, it is recommended that the Rule 12(B)(2) motion to dismiss for lack of subject matter jurisdiction filed by Defendants be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                        s/Ila Jeanne Sensenich
                                        ILA JEANNE SENSENICH
                                        U.S. Magistrate Judge

Dated:   December 2, 2005

Notice sent electronically or via U.S. mail to:

cc:  J. Alan Johnson, Esq.
     Johnson & Eddy
     1720 Gulf Tower
     707 Grant Street
     Pittsburgh, PA  15219

     Patrick M. McLaughlin, Esq.
     Dennis P. Zapka, Esq.
     Adrienne B. Kirshner, Esq.
     McLaughlin & McCaffrey
     1111 Superior Avenue, Suite 1350
     Cleveland, OH  44114

     Joel A. Goodman, Esq.
     Goodman & Nekvasil
     14020 Roosevelt Blvd., Suite 808
     Clearwater, FL  33762